UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LORRAINE S. DYER, et al., ) | |
| ) | |
| Plaintiffs, ) | 3:07-CV-00611-LRH-VPC |
| ) | |
| v. ) | |
| ) | ORDER |
| BUREAU OF INDIAN AFFAIRS, FORT ) | |
| MCDERMITT PAIUTE/SHOSHONE TRIBE, ) | |
| IN THEIR OFFICIAL AND INDIVIDUAL ) | |
| CAPACITY, ) | |
| ) | |
| Defendants. ) | |

     This is a civil action arising out of a disputed lease on the Fort McDermitt Paiute-Shoshone Indian Reservation. Plaintiffs Lorraine S. Dyer, et al. are members of the Fort McDermitt Paiute and Shoshone Tribe and reside on the Fort McDermitt Indian Reservation. In the complaint, Plaintiffs allege that Defendant Bureau of Indian Affairs ("BIA") violated Title 25 of the Code of Federal Regulations, Part 162, which governs leases and permits of Indian land.

     On March 20, 2008, Plaintiff Lorraine S. Dyer personally served the United States Department of Interior, BIA Western Nevada Agency with the summons and complaint. The summons was returned executed and filed with the court on April 2, 2008.

     Pursuant to Federal Rule of Civil Procedure 4(i), to serve an agency of the United States, a party must serve both the United States and the agency. Fed. R. Civ. P. 4(i)(2). To serve the United States, a party must (1) deliver a copy of the summons and complaint to the United States

attorney for the district where the action is brought or send a copy of the summons and complaint by certified mail to the civil-process clerk at the United States attorney's office and (2) send a copy of the summons and complaint by registered or certified mail to the Attorney General of the United States in Washington, D.C.  Fed. R. Civ. P. 4(i)(1).  Here, while Plaintiffs have served the BIA, they have failed to meet the requirements of Rule 4(i)(1) by not serving the United States attorney for this district and the Attorney General of the United States.

"If a defendant is not served within 120 days after the complaint is filed, the court—on a motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  Fed. R. Civ. P. 4(m).  Thus, if service of process is not accomplished within 120 days of the filing of the complaint, the district court in its discretion may either dismiss the action without prejudice or order service within a specified time.  *Tyson v. City of Sunnyvale*, 159 F.R.D. 528, 530 (N.D. Cal. 1995).

Here, recognizing Plaintiffs' status as pro se litigants, the court will exercise its discretion and extend the time for Plaintiffs to accomplish service on the United States attorney for this district and the Attorney General of the United States in Washington, D.C.  Plaintiffs are ordered to effect service on the United States in accordance with the requirements of Federal Rule of Civil Procedure 4(i)(1) by December 1, 2008.  Failure to do so will result in a dismissal with respect to the BIA.

IT IS THEREFORE ORDERED that Plaintiffs shall have until December 1, 2008, to effect proper service on the United States.

IT IS SO ORDERED.

DATED this 3rd day of November, 2008.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE